# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DIANNA PENDLAND,
            Plaintiff,

    vs.

COMMISSIONER OF SOCIAL
SECURITY,
            Defendant.

Case No. 1:08-cv-485
Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's unopposed motion for attorney fees under
the Social Security Act, 42 U.S.C. § 406(b)(1)(A). (Doc. 20). Plaintiff seeks an award of
attorney fees in the amount of $3,038.50 for work performed before this Court as provided for
under the Act.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney
a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant.
Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment. . . .

Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the
Commissioner. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792 (2002). The Court may award fees
only for work performed before the Court and not before the Social Security Administration. *See
Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc).

In this case, the District Judge adopted the Report and Recommendation of the Magistrate

Judge reversing the Commissioner's decision and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 14, 15). Following the remand, the ALJ issued a decision in plaintiff's favor finding that she was disabled and entitled to past-due benefits in the amount of $36,154.00 for the period January 2006 through March 2010. (Doc. 20, Attachment at 7). Pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of the past due benefits on the account of plaintiff - or $9,038.50 - as a potential contingency fee to be awarded to plaintiff's counsel. (*Id.*). According to plaintiff, the Social Security Administration paid $6,000 from the withheld benefits to attorney William Knoebel, who represented plaintiff at the Social Security administrative level, which was the maximum allowable under the fee agreement between plaintiff and counsel. (Doc. 20 at 2; Attachment at 6). Subsequently, plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking a fee for work which her attorney James Williams, who represented her before this Court on the appeal of the denial of benefits, performed in the District Court. (Doc. 17). The District Judge awarded attorney fees to plaintiff in the amount of $3,000.00 under EAJA pursuant to the stipulation of the parties. (Doc. 19).

Plaintiff now requests $3,038.50 as Mr. Williams' attorney fee under § 406(b) for work he performed before this Court. Plaintiff has submitted a copy of the retainer fee agreement she entered into with Mr. Williams under which she agreed to pay Mr. Williams a contingent fee of 25 percent of past-due benefits. (Doc. 17, Attachment at 13). To calculate the fee under the agreement, plaintiff has taken the 25 percent past-due benefit amount withheld by the Social Security Administration - $9,038.50 - and subtracted $6,000 which the agency paid to Mr. Knoebel for the work he performed at the administrative level. Plaintiff requests the balance of

2

the 25 percent - $3,038.50 - as Mr. Williams' fee under §406(b).

In determining the reasonableness of fees under § 406(b), the starting point is the contingent fee agreement between the claimant and counsel. *Gisbrecht,* 535 U.S. at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Id.* The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney is responsible for delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should also consider whether a downward adjustment is appropriate because counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.

In this case, the fee of $3,038.50 requested by Mr. Williams, when added to the $6,000 fee paid to Mr. Knoebel out of the past-due benefits, falls within the 25 percent boundary. The question then becomes whether the requested fee is reasonable. In support of the § 406(b) fee request, Mr. Williams asserts that he performed a total of 21 hours of work on the case in the District Court. (Doc. 20 at 2; Attachment at 5). Counsel contends that the Court approved this number of hours as reasonable when it awarded him a fee under EAJA. (Doc. 19). Counsel further alleges that the hypothetical hourly fee is less than $150.00 per hour, which is reasonable for an attorney of Mr. Williams' background and experience as set forth in Doc. 17. Specifically, Mr. Williams states that he was admitted to the practice of law in the State of Ohio 36 years ago; he worked for the Social Security Administration for a number of years; he has represented claimants seeking social security benefits at all administrative levels and before the federal

district and appellate courts for nearly 30 years; and he has been involved with a number of

organizations that specialize in social security matters.  (Doc. 17 at 3-4).

Dividing the requested fee of $3,038.50 by the number of hours Mr. Williams worked on

the case before this Court produces a hypothetical hourly fee of $144.69.  In determining whether

counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal

effort expended," *Hayes v. Secretary of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990) (quoting

*Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case

where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the

number of hours worked for the claimant into the amount of the fee permitted under the contract

is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth

Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social
> security attorneys are successful in approximately 50% of the cases they file in the
> courts.  Without a multiplier, a strict hourly rate limitation would insure that
> social security attorneys would not, averaged over many cases, be compensated
> adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a
> starting point for conducting the *Rodriquez* analysis.  It provides a floor, below
> which a district court has no basis for questioning, under the second part of
> *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of
> the fee.

*Id*.

The *Hayes* "floor" in this case for Mr. Williams is $6,720.00, which represents 21 hours

times an hourly rate of $160.00 multiplied by 2.[1]  Mr. Williams' request is less than half of that

---

[1]In the instant motion, plaintiff's counsel contends that the requested fee is at a rate of less than $150.00 per hour,
which he asserts is a reasonable rate for an attorney with his background and experience.  However, counsel does
not provide his specific hourly rate for non-contingency fee cases.  (Doc. 20 at 3).  Therefore, the Court adopts

4

amount. Thus, the requested fee does not constitute a windfall to Mr. Williams. Moreover, counsel achieved a good result in this case. In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $3,038.50 is reasonable for the work Mr. Williams performed in this Court. Mr. Williams therefore should be awarded $3,038.50 in fees under § 406(b)(1)(A).

Mr. Williams states that the EAJA fee of $3,000.00 awarded by the District Court has been refunded to plaintiff as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be refunded to the client). (Doc. 20 at 3). Mr. Williams asks the Court to specify that the EAJA fee has been refunded to plaintiff so that the Social Security Administration does not deduct that amount from the § 406(b) fee payable to counsel. The Court finds that because the EAJA fee of $3,000.00 has been refunded to plaintiff, Mr. Williams is entitled to receive the full fee of $3,038.50 under § 406(b) for his work before the District Court.

The Court therefore **RECOMMENDS** that the §406(b)(1)(A) motion for attorney fees by plaintiff's counsel James Williams be **GRANTED** and that counsel be **AWARDED** $3,038.50 in fees.

Date: 9/20/2011

Karen L. Litkovitz
United States Magistrate Judge

---

the 160.00 hourly rate requested by plaintiff's counsel in his EAJA fee petition. (Doc. 17 at 3).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIANNA PENDLAND,
        Plaintiff,
                                  Case No. 1:08-cv-485
                                  Barrett, J.
    vs.                                  Litkovitz, M.J.

COMMISSIONER OF SOCIAL          **REPORT AND**
SECURITY,                         **RECOMMENDATION**
            Defendant.

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).